UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID SWEET, on behalf of himself and all others similarly situated, | ) )  Case No. ) |
| Plaintiff, | ) )  Judge ) |
| vs. | ) )  **PLAINTIFF'S COLLECTIVE AND CLASS** ) **ACTION COMPLAINT** |
| CONNEXIONS LOYALTY, INC., | ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) |

Plaintiff David Sweet ("Plaintiff"), by and through counsel, for his Class and Collective Action Complaint against Defendant Connexions Loyalty, Inc. ("Defendant"), states and alleges as follows:

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Chapter 4111, on behalf of all similarly situated non-exempt employees currently or previously employed at Defendant's Ohio locations within the two years preceding the filing of this Action (the "Ohio Class").

3. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

1

4. The Court has supplemental jurisdiction over Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District and Division.

6. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Delaware County. Plaintiff's Consent to Join this case is attached hereto as Exhibit A.

7. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio Rev. Code § 4111.03.

8. At all times relevant herein, Defendant was a for-profit corporation, organized and existing under the laws of the State of Delaware, doing and conducting business throughout various states in the United States, including in this District and Division.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and Ohio Rev. Code § 4111.03.

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, have been and will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

14. Defendant provides loyalty management and marketing services to customers throughout the United States.

15. Defendant operates call centers in Ohio, Idaho, Missouri, Oklahoma, and Tennessee.

16. At all times material to this Complaint, Plaintiff worked as a Customer Service Representative for Defendant in its call center located in Westerville, Ohio.

17. Other similarly situated employees were employed by Defendant as Customer Service Representatives at Defendant's call centers.

18. Plaintiff and other similarly situated Customer Service Representatives were classified by Defendants as non-exempt employees.

19. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

20. Plaintiff and other similarly situated employees were paid on an hourly basis.

21. As a Customer Service Representative, Plaintiff's job duties included receiving inbound customer calls.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

22. Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems. Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

23. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

24. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

25. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

26. Plaintiff estimates that he spent approximately 10 minutes prior to every shift booting up, starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

27. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

28. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

29. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees. They cannot

4

perform their work without booting up Defendant's computer systems, applications, and phone systems.

31. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated inbound call-center representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

### (Failure to Pay Overtime Compensation)

32. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

33. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

34. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees before clocking in each day.

35. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work before clocking in amounted to approximately 10 minutes when Defendant's computer systems were working properly, or longer when Defendant's computer systems were slow or not working.

### COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings Count One of the action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

37. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current Customer Service Representatives, and those working in other call center positions, employed by Defendant at any time in the period measured from three years prior to the filing of this Complaint to the present.

38. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of more than 500 people.

39. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

40. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

41. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and on behalf of the Ohio Class members, which is defined as:

> All former and current Customer Service Representatives, and those working in other call center positions, employed by Defendant at

any of its Ohio facilities at any time in the period measured from two years prior to the filing of this Complaint to the present.

42. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the Ohio Class, but, upon information and belief avers that it consists of at least 200 people.

43. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay the Ohio Class members for all of their hours worked and whether Defendant failed to pay the Ohio Class members at their lawful overtime rate (i.e., 1.5 times their regular rate of pay).

44. Plaintiff will adequately protect the interests of the Ohio Class members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

45. The questions of law or fact that are common to each member of the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to each class member, and predominate over any questions affecting only individual class members.

46. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

47.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

49.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

50.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

51.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

52.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Violations)

53.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54.     Defendant's practice and policy of not paying Plaintiff and the Ohio Class for work performed before clocking in each day violated the OMFWSA, Ohio Rev. Code § 4111.03.

55. Defendant's practice and policy of not paying Plaintiff and the Ohio Class overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, Ohio Rev. Code § 4111.03.

56. As a result of Defendant's practices and policies, Plaintiff and the Ohio Class have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Collective Class members who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Class;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the classes he represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com


Jeffrey J. Moyle (0084854)
614 West Superior Avenue
Suite 1148
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Email: jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Shannon M. Draher*
Shannon M. Draher

*One of the Attorneys for Plaintiff*